UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY A. SHARP, CDCD #K-41609, Plaintiff, v. BONNIE M. DUMANIS, et al., Defendants. | Case No.: 17-cv-2460-BAS-NLS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 4]; and**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a);** |
|---|---|

Plaintiff Anthony A. Sharp, a prisoner currently detained at Salinas Valley State Prison located in Soledad, California, has filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. §1983. (ECF No. 1.) Plaintiff alleges that his constitutional rights were violated by the former San Diego District Attorney and unnamed San Diego Deputy District Attorneys. (*See* Compl. at 1–2.) Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. §1914(a). This Court previously dismissed Plaintiff's action for failure to submit a proper Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 3.) Although Plaintiff has filed a new Motion to Proceed IFP (ECF No. 4) which complies

1

with the requirements applicable to prisoners seeking IFP status, the Court concludes that Plaintiff cannot in fact seek IFP status because he is barred from doing so.

## I. THE MOTION TO PROCEED IFP IS BARRED BY SECTION 1915(g)

### A. Legal Standard

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. §1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. §1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Prisoners" like Plaintiff, however, "face an additional hurdle."[2] *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). In addition to requiring prisoners to "pay the full amount of a filing fee," in "increments" as provided by 28 U.S.C. §1915(a)(3)(b), *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended Section 1915 to preclude the privilege to proceed IFP:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. §1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, §14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Consistent with this Court's prior order dismissing Plaintiff's first motion to proceed IFP (ECF No. 3), Plaintiff has submitted a motion to proceed IFP which contains the trust account certificate required of prisoners seeking IFP status (*see* ECF No. 4.) Normally, the Court would proceed to assess the applicable filing fee based on the information reflected in the motion and the trust account certificate. However, in light of Plaintiff's failure to satisfy this additional hurdle, the Court cannot grant IFP status to the Plaintiff and declines to determine the amount of fees he would be required to pay if he could proceed IFP.

2

> malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to §1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by Section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. §1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting §1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**B.    Application to Plaintiff**

Plaintiff cannot satisfy Section 1915(g)'s bar on IFP status applicable to prisoners with three strikes who fail to show exigent circumstances that warrant IFP status. As an initial matter, this Court has determined that Plaintiff has brought at least three prior civil

actions[3] which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §1915(g). These cases and orders of dismissal are:

- *Sharp v. Corcoran Medical Staff, et al.*, No. 99-cv-5550 OWW (DLB) (E.D. Cal.): complaint dismissed *sua sponte* on March 24, 2000 for failure to state a claim upon which relief can be granted per 28 U.S.C. §1915(e)(2)(B)(ii)) (ECF No. 10) (strike one);

- *Sharp v. Mason, et al.*, No. 03-cv-1354 EJG (DAD) (E.D. Cal.): complaint dismissed *sua sponte* on September 5, 2003 for failure to state a claim upon which relief can be granted (ECF No. 12) (strike two); and

- *Sharp v. Arcamone*, No. 04-cv-0595 FDL (GGH) (E.D. Cal.): grant on March 21, 2005 of Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted (ECF No. 17) (strike three).

A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Taking judicial notice of these cases, it is clear to the Court that Plaintiff has, while incarcerated, accumulated at least the three "strikes" permitted pursuant to Section 1915(g). Therefore, IFP status will be barred unless he is "under imminent danger of serious physical injury." 28 U.S.C.

---

[3] A review of PACER indicates that Plaintiff has filed at least twenty (20) prisoner civil rights cases in the Central, Eastern, and Southern Districts of California since 1995. *See* https://pcl.uscourts.gov/pcl/pages/welcome.jsf.

4

§1915(g).

However, Plaintiff has failed to show that he meets Section 1915(g)'s exception to the bar on IFP status for prisoners in his position. The Court has carefully reviewed Plaintiff's Complaint and has ascertained that it does not contain "plausible allegations" which suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. §1915(g)). Because of this failure, Plaintiff is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. §1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III.  CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 4) as barred by 28 U.S.C. §1915(g). The Court **DISMISSES** this civil action *sua sponte* without prejudice for failure to prepay the $400 civil and administrative filing fees required by 28 U.S.C. §1914(a). The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED:  January 4, 2018**

Hon. Cynthia Bashant
United States District Judge